# EXHIBIT A

## LIST OF ATTORNEYS/PARTIES

1.  Robert C. Lane
    lane@lanelaw.com
    Jack Kitchen
    jack.kitchen@lanelaw.com
    THE LANE LAW FIRM
    6200 Savoy Drive, Suite 1150
    Houston, Texas 77036
    Telephone: (713) 595-8200
    Facsimile: (713) 595-8201

*Attorneys for Plaintiff*

2.  Dale M. "Rett" Holidy
    rholidy@germer.com
    Gregory Howard
    ghoward@germer.com
    GERMER PLLC
    America Tower
    2929 Allen Parkway, Suite 2900
    Houston, Texas 77019
    Telephone: (713) 650-1313
    Facsimile: (713) 739-7420

*Attorneys for Defendant*

## INDEX OF DOCUMENTS FILED
## WITH REMOVAL ACTION

### *Sadie K. Lawson vs. State Farm Lloyds*

(a)   Plaintiff's Original Petition;
(b)   Citation for Defendant;
(c)   Return of Service on Defendant;
(d)   Plaintiff's First Amended Petition;
(e)   Defendant's Original Answer;
(f)   Defendant's First Amended Answer;
(g)   Defendant's Demand for Jury Trial;
(h)   Defendant's First Amended Answer; and
(i)   Docket/Case Summary Sheet.

7/12/2016 4:51:28 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11596194
By: Nelson Cuero
Filed: 7/12/2016 4:51:28 PM

## CAUSE NO. 2016-46228

| | | |
|---|---|---|
| **SADIE K. LAWSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS, INC.,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | <u>157th</u> **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Sadie K. Lawson (hereinafter "Plaintiff" or "Ms. Lawson"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of State Farm Lloyds, Inc. (hereinafter "State Farm") and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1.   Plaintiff intends discovery to be conducted under Level 1 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.
### PARTIES

2.   Plaintiff is an Individual that owns real property in Harris County, Texas.

3.   Defendant State Farm Lloyds, Inc. is a Texas insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, through its registered agent, Corporation Service Company DBA CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-4234. Service is hereby requested.

### III.
### JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the jurisdictional limits of this Court and because the causes of action asserted herein are not subject to exclusive jurisdiction in another court.

5.  This Court has jurisdiction over Defendant State Farm because this Defendant is a Texas insurance company, and Plaintiff's causes of action arise out of this defendant's business activities in Texas.

6.  Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Harris County, Texas. Furthermore, venue is proper in Harris, County, Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured property is located in this county.

### IV.
### FACTUAL BACKGROUND

7.  Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant.

8.  State Farm sold and issued Plaintiff the Policy insuring the Property against damages caused by hail, windstorm and other covered perils.

9.  On or about April 19, 2015, Plaintiff owned real property with improvements located at 9576 Briar Forest Drive, Houston, Texas 77063, located in Harris County (hereinafter referred to as "the Property").

10. On or about April 19, 2015, the Property described above sustained severe damages to the roof due to the direct force of hail. As a result, the inside of the Property sustained

extensive damage, including interior water damages to the master bedroom, master bathroom, second bathroom, living room, dining room and the garage.

11.     Plaintiff duly notified State Farm of the damage sustained, and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

12.     State Farm then assigned Plaintiff Claim No. 53-7K57-012 (hereinafter "the Claim").

13.     After its investigation, State Farm underpaid the loss and misrepresented to Plaintiff that the amount of any covered damages fell below her deductible, despite obvious evidence to the contrary that made State Farm's liability for additional coverage under the policy reasonably clear.

14.     As set forth below, State Farm failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

    a)     Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

    b)     Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

    c)     Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

    d)     Continuing to delay in the payment of damages to the Property, including the home and contents.

15.     Additionally, State Farm breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy. Notably, State Farm refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

- 3 -

16.   Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

17.   State Farm continues to delay in the payment of the damage to the Property despite Plaintiff's requests. Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

18.   As a result of State Farm's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

### BREACH OF CONTRACT

19.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20.   Although Plaintiff fully cooperated with State Farm, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, State Farm has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

21.   Plaintiff has been required by the actions of State Farm to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

22.   State Farm's breach proximately caused Plaintiff's injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

23.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

- 4 -

24. State Farm violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim. All of State Farm's violations are actionable pursuant to TEX. INS. CODE § 541.151.

25. State Farm engaged in the following unfair settlement practices:

    a)    Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

    b)    Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though State Farm's liability under the Policy was reasonably clear. Specifically, State Farm failed to make an attempt to settle the Claim fairly despite the fact that State Farm was aware of its liability to Plaintiff under the Policy.

    c)    Pursuant to TEX. INS. CODE § 541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights. Specifically, Plaintiff did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

    d)    Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim. State Farm's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

26. Each of the foregoing unfair settlement practices was committed with knowledge by State Farm, and was a producing cause of Plaintiff's injuries and damages.

## MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS

27. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28. Additionally, State Farm made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of State Farm's violations are actionable pursuant to TEX. INS. CODE § 541.151.

29.  State Farm engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1). Specifically, State Farm misrepresented the true scope and amount of Plaintiff's claim, despite the fact that obvious evidence of covered damages making State Farm's liability for further coverage reasonably clear was at all times present during State Farm's claim investigation.

30.  Each of the foregoing unfair settlement practices was committed with knowledge by State Farm, and was a producing cause of Plaintiff's injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS

31.  Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32.  Plaintiff's Claim is a claim under the insurance Policy issued by State Farm, of which Plaintiff gave State Farm proper notice. As set forth more fully below, State Farm's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

33.  Specifically, State Farm violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by:

   a)  Failing to notify Plaintiff in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056; and

   b)  Delaying payment of the Claim following State Farm's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Specifically, State Farm delayed full payment of the Claim and, to date, Plaintiff has still not received full payment on this Claim.

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH**

34. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35. Since Plaintiff initially presented the Claim to State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear. The damage to Plaintiff's home did not occur before the hail storm of April 19, 2015.   It is no coincidence that there was no damage prior to the storm, and significant exterior and interior damage apparent thereafter.

36. As a result of State Farm's outcome-oriented investigation State Farm continues to refuse to pay Plaintiff in full for the Claim. State Farm underpaid when it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## KNOWLEDGE

37. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

38. Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

39. Plaintiff would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiff.

40.   Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff.  Upon trial of this case, it will be shown that these damages are a direct result of State Farm's improper handling of the Claim in violation of the laws set forth above.

41.   For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

42.   As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees.  For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

43.   Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

44.   For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from State Farm's breach, exemplary damages, and damages for emotional distress.

45.   As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

46.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief between $100,000.00 and $200,000.00.

## VIII.
## JURY DEMAND

47.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.
## REQUEST FOR DISCLOSURE

48.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1)      Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2)      Statutory penalties;

3)      Treble damages;

4)      Exemplary and punitive damages;

5)      Prejudgment interest as provided by law;

6)      Post-judgment interest as provided by law;

7)      Attorneys' fees;

8)      Costs of this suit; and

9)      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM**

By:*/s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
lane@lanelaw.com
Jack Kitchen
State Bar No. 24084320
jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

CAUSE NO.   201646228

COPY OF PLEADING PROVIDED BY PLTD.

RECEIPT NO.

0.00        ATY

**********

TR # 73266096

| | |
|---|---|
| PLAINTIFF: LAWSON, SADIE K<br>vs.<br>DEFENDANT: STATE FARM LLOYDS INC | In The   157th<br>Judicial District Court<br>of Harris County, Texas<br>157TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: STATE FARM LLOYDS INC (A TEXAS INSURANCE COMPANY) BY SERVING THROUGH
    ITS REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC-LAWYERS
    INCORPORATING SERVICE COMPANY
    211  E 7TH STREET SUITE 620  AUSTIN TX  78701 - 4234
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

This instrument was filed on the 12th day of July, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
     This citation was issued on 13th day of July, 2016, under my hand and
seal of said Court.

Issued at request of:
LANE, ROBERT CHAMLESS
6200  SAVOY DRIVE SUITE 1150
HOUSTON, TX  77036
Tel: (713) 595-8200
Bar No.: 24046263



*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CUERO, NELSON 7MM//10431664

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____

_____ of _____County, Texas

_____                    By _____
        Affiant                                         Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
       Notary Public

N.INT.CITR.P                    *73266096*

8/8/2016 11:37:58 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12041288
By: LISA COOPER
Filed: 8/8/2016 11:37:58 AM

**CAUSE NO. 2016-46228**

| | | |
|---|---|---|
| SADIE K. LAWSON, | § | |
| **PLAINTIFF** | § | |
| | § | IN THE 157TH JUDICIAL DISTRICT COURT |
| VS. | § | |
| | § | HARRIS COUNTY, TX |
| STATE FARM LLOYDS, INC., | § | |
| **DEFENDANT** | § | |
| | § | |

**RETURN OF SERVICE**

**ON Thursday, August 04, 2016 AT 12:01 PM** - CITATION, PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE **CAME TO HAND.**

 **ON Friday, August 05, 2016 AT 11:06 AM, I, BARBARA STINNETT, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** STATE FARM LLOYDS INC. (A TEXAS INSURANCE COMPANY), C/O REGISTERED AGENT CORPORATION SERVICE COMPANY DBA CSC - LAWYERS INCORPORATING SERVICE COMPANY, BY DELIVERING TO DESIGNATED AGENT KELLY COUTNEY, 211 E. 7TH STREET, SUITE 620, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is BARBARA STINNETT. My address is 900 WEST AVE, AUSTIN, TX 78701, USA. I am a private process server authorized by and through the Supreme Court of Texas (SCH 01181, Expires Monday, July 31, 2017). My date of birth is December 28, 1961. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case, and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in Travis County, Texas on Friday, August 05, 2016.

**/S/ BARBARA STINNETT**

DocID: P238342_1

BRIAR FOREST/LAWSON

Unofficial Copy Official of Harris County District Clerk

CAUSE NO. 2016-46228

| | | |
|---|---|---|
| **SADIE K. LAWSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| | § | |
| *Defendant.* | § | **157TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Sadie K. Lawson (hereinafter "Plaintiff" or "Ms. Lawson"), by and through the undersigned counsel, files this *Plaintiff's First Amended Petition*, complaining of State Farm Lloyds (hereinafter "State Farm") and would respectfully show this Honorable Court the following:

## I.
## DISCOVERY PLAN

1.  Plaintiff intends discovery to be conducted under Level 3 of the Texas Rules of Civil Procedure, Rule 190.4.

## II.
## PARTIES

2.  Plaintiff is an Individual that owns real property in Harris County, Texas.

3.  Defendant State Farm Lloyds is a Texas insurance company engaging in the business of insurance in the State of Texas.

### III.
### JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action because Plaintiff seeks damages

within the jurisdictional limits of this Court and because the causes of action asserted herein

are not subject to exclusive jurisdiction in another court.

5.      This Court has jurisdiction over Defendant State Farm because this Defendant is a Texas

insurance company, and Plaintiff's causes of action arise out of this defendant's business

activities in Texas.

6.      Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because

a substantial part of the events and omissions giving rise to the claims asserted herein

occurred in Harris County, Texas.  Furthermore, venue is proper in Harris, County, Texas

under Texas Civil Practice and Remedies Code § 15.032 because the insured property is

located in this county.

### IV.
### FACTUAL BACKGROUND

7.      Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as

"the Policy"), which was issued by Defendant.

8.      State Farm sold and issued Plaintiff the Policy insuring the Property against damages

caused by hail, windstorm and other covered perils.

9.      On or about April 19, 2015, Plaintiff owned real property with improvements located at

9576 Briar Forest Drive, Houston, Texas 77063, located in Harris County (hereinafter

referred to as "the Property").

10.     On or about April 19, 2015, the Property described above sustained severe damages to the

roof due to the direct force of hail.   As a result, the inside of the Property sustained

extensive damage, including interior water damages to the master bedroom, master bathroom, second bathroom, living room, dining room and the garage.

11.  Plaintiff duly notified State Farm of the damage sustained, and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

12.  State Farm then assigned Plaintiff Claim No. 53-7K57-012 (hereinafter "the Claim").

13.  After its investigation, State Farm underpaid the loss and misrepresented to Plaintiff that the amount of any covered damages fell below her deductible, despite obvious evidence to the contrary that made State Farm's liability for additional coverage under the policy reasonably clear.

14.  As set forth below, State Farm failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

    a)  Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

    b)  Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

    c)  Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

    d)  Continuing to delay in the payment of damages to the Property, including the home and contents.

15.  Additionally, State Farm breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy.  Notably, State Farm refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

16.     Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

17.     State Farm continues to delay in the payment of the damage to the Property despite Plaintiff's requests.  Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

18.     As a result of State Farm's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

**V.**
**CAUSES OF ACTION**

**BREACH OF CONTRACT**

19.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20.     Although Plaintiff fully cooperated with State Farm, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, State Farm has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

21.     Plaintiff has been required by the actions of State Farm to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

22.     State Farm's breach proximately caused Plaintiff's injuries and damages.

**UNFAIR SETTLEMENT PRACTICES**

23.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24.   State Farm violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices during the handling of the claim.  All of State Farm's violations are actionable pursuant to TEX. INS. CODE § 541.151.

25.   State Farm engaged in the following unfair settlement practices:

a)   Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material facts or Policy provisions relating to the coverage at issue by indicating that the damage to the Property was not covered under the Policy even though it was reasonably clear that the damage was caused by a covered peril.

b)   Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though State Farm's liability under the Policy was reasonably clear.  Specifically, State Farm failed to make an attempt to settle the Claim fairly despite the fact that State Farm was aware of its liability to Plaintiff under the Policy.

c)   Pursuant to TEX. INS. CODE § 541.060(a)(4), failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiff or to submit a reservation of rights. Specifically, Plaintiff did not receive a timely, written indication of acceptance or rejection regarding the entire claim.

d)   Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim without conducting a *reasonable* investigation with respect to the Claim.  State Farm's outcome-oriented investigation of the Claim resulted in an unfair evaluation of the damage to Plaintiff's Property.

26.   Each of the foregoing unfair settlement practices was committed with knowledge by State Farm, and was a producing cause of Plaintiff's injuries and damages.

## **MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS**

27.   Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

28.   Additionally, State Farm made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061.  All of State Farm's violations are actionable pursuant to TEX. INS. CODE § 541.151.

29.     State Farm engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1).  Specifically, State Farm misrepresented the true scope and amount of Plaintiff's claim, despite the fact that obvious evidence of covered damages making State Farm's liability for further coverage reasonably clear was at all times present during State Farm's claim investigation.

30.     Each of the foregoing unfair settlement practices was committed with knowledge by State Farm, and was a producing cause of Plaintiff's injuries and damages.

## PROMPT PAYMENT OF CLAIMS VIOLATIONS

31.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32.     Plaintiff's Claim is a claim under the insurance Policy issued by State Farm, of which Plaintiff gave State Farm proper notice.  As set forth more fully below, State Farm's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

33.     Specifically, State Farm violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by:

   a)     Failing to notify Plaintiff in writing of its acceptance or rejection of the full and entire Claim within the applicable time constraints provided by TEX. INS. CODE § 542.056; and

   b)     Delaying payment of the Claim following State Farm's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058.  Specifically, State Farm delayed full payment of the Claim and, to date, Plaintiff has still not received full payment on this Claim.

**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH**

34.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35.     Since Plaintiff initially presented the Claim to State Farm, the liability of State Farm to pay the full claim in accordance with the terms of the Policy was reasonably clear.  The damage to Plaintiff's home did not occur before the hail storm of April 19, 2015.    It is no coincidence that there was no damage prior to the storm, and significant exterior and interior damage apparent thereafter.

36.      As a result of State Farm's outcome-oriented investigation State Farm continues to refuse to pay Plaintiff in full for the Claim.  State Farm underpaid when it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, and its failure, as set forth above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes a breach of the duty of good faith and fair dealing.

**VI.**
**KNOWLEDGE**

37.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

38.     Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

**VII.**
**DAMAGES**

39.     Plaintiff would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiff.

40.     Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff.  Upon trial of this case, it will be shown that these damages are a direct result of State Farm's improper handling of the Claim in violation of the laws set forth above.

41.     For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

42.     As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees.  For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

43.     Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

44.     For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from State Farm's breach, exemplary damages, and damages for emotional distress.

45.     As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

46.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only

monetary relief between $100,000.00 and $200,000.00.

**VIII.**
**JURY DEMAND**

47.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and

hereby tenders the appropriate jury fee.

**IX.**
**REQUEST FOR DISCLOSURE**

48.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose

the information or material described in Rule 194.2.

**X.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof,

final judgment be rendered for Plaintiff as follows:

1)     Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2)     Statutory penalties;

3)     Treble damages;

4)     Exemplary and punitive damages;

5)     Prejudgment interest as provided by law;

6)     Post-judgment interest as provided by law;

7)     Attorneys' fees;

8)     Costs of this suit; and

9)     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM**

By:*/s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
lane@lanelaw.com
Jack Kitchen
State Bar No. 24084320
jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2016, the foregoing was sent and delivered to the following attorneys of record.  The foregoing was sent via electronic notification and/or facsimile.

Dale M. "Rett" Holidy
rholidy@germer.com
Greg Howard
ghoward@germer.com
**GERMER, P.L.L.C.**
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
**ATTORNEY FOR DEFENDANT**
**STATE FARM LLOYDS**

*/s/ Robert C. Lane*
Robert C. Lane

8/26/2016 3:06:03 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12396398
By: LISA COOPER
Filed: 8/26/2016 3:06:03 PM

## CAUSE NO. 2016-46228

| | | |
|---|---|---|
| SADIE K. LAWSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 157TH JUDICIAL DISTRICT |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, STATE FARM LLOYDS ("State Farm"), Defendant in the above-entitled and numbered cause, and files this Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions and would respectfully show the Court as follows:

### I.

Pursuant to the provisions of Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and demands strict proof thereof.

### II.

Defendant reserves the right to amend this Answer pursuant to the said Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant, STATE FARM LLOYDS, prays that it be released and discharged of the charges filed against it, that Plaintiff take nothing by reason of this suit, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____

    **DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com - Email

    **ATTORNEY FOR DEFENDANT**


### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 26th day of August, 2016.

Robert C. Lane                    **VIA E-SERVICE**
Jack Kitchen
THE LANE LAW FIRM
6200 Savoy Drive, Suite 1150
Houston, Texas 77036

_____
**DALE M. "RETT" HOLIDY**

# Envelope Information

**Envelope Id**
12396398

**Submitted Date**
8/26/2016 3:06 PM CDT

**Submitted User Name**
erikalopez.gb@fsxclient.com

# Case Information

**Location**
Harris County - 157th Civil District
Court

**Category**
Civil - Other Civil

**Case Type**
Other Civil

**Case #**
201646228

**Firm Name**
Germer PLLC

**Filed By**
Erika Lopez

# Filings

**Filing Type**
EFileAndServe

**Filing Code**
Answer/ Response / Waiver

**Filing Description**
Defendant's Original Answer

**Reference Number**
90557

**Filing Status**
Accepted

**Accepted Date**
8/26/2016 4:27 PM CDT

### Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Defendant's Original Answer.pdf | Defendant's Original Answer | Answer to Amended/Supplemental Petitions | Original File Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Jack Kitchen | The Lane Law Firm | Yes | Not Opened |
| Sent | Robert C. Lane | The Lane Law Firm, P.L.L.C. | Yes | 8/29/2016 9:33 AM CDT |

# Parties with No eService

| Name | Address |
|---|---|
| STATE FARM LLOYDS INC (A TEXAS INSURANCE COMPANY) BY SERVING THROUGH | 211 E 7TH STREET SUITE 620, AUSTIN, TX 78701-4234 AUSTIN Texas 787014234 |

# Fees

## Answer/ Response / Waiver

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

| | |
|---|---|
| Total Filing Fee | $0.00 |
| Payment Service Fee | $0.06 |
| Court E-File Fee | $2.00 |
| | **Envelope Total:** $2.06 |

| | | | |
|---|---|---|---|
| **Party Responsible for Fees** | STATE FARM LLOYDS INC | **Transaction Amount** | $2.06 |
| **Payment Account** | File & ServeXpress CC | **Transaction Id** | 19832669 |
| **Filing Attorney** | Dale Holidy | **Order Id** | 012396398-0 |
| **Filer Type** | Attorney | **Transaction Response** | Payment Complete |

© 2016 Tyler Technologies                                         Version: 3.13.8.63

9/2/2016 1:04:26 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12516455
By: LISA COOPER
Filed: 9/2/2016 1:04:26 PM

## CAUSE NO. 2016-46228

| | | |
|---|---|---|
| SADIE K. LAWSON | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS | § | 157TH JUDICIAL DISTRICT |

## DEFENDANT'S AMENDED ANSWER AND SPECIAL EXCEPTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant STATE FARM LLOYDS (hereinafter, "State Farm") file this Amended Answer and Special Exceptions to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemented petitions filed against State Farm, and show as follows:

## I.
## GENERAL DENIAL

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Petition, and any amendments thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.      **Policy Coverage Provisions**.  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Deductible/Offset**.  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

**4.**     **Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

**5.**     **Failure of Policy Conditions/Conditions Precedent.**  State Farm hereby asserts all conditions of the policy at issue, including, but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss."  Specifically, Plaintiff has failed to satisfy the conditions of the policy requiring Plaintiff to protect the property from further damage, which reads as follows:

### SECTION I – CONDITIONS

\* \* \* \* \*

2.     **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a.     give immediate notice to us or our agent…

    b.     protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\* \* \* \* \*

    d.     as often as we reasonably require:

        (1)     exhibit the damaged property;
        (2)     provide us with records and documents we request and permit us to make copies;

Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action and, consequently, on all of the other causes of action alleged in Plaintiff's Petition, to the extent of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue, including Plaintiff's failure to protect the property from further damage at the time Plaintiff submitted her claim and/or additional damages which may have occurred or arisen after State

Farm's initial inspection without any indication such damage occurred as a result of the wind or hail event reported in connection with this date of loss.

6. **Pre-Existing Damages**.  Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of hail, wind, or wind-driven rain.

7. **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear, leakage or other causes occurring over time.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.    corrosion, electrolysis or rust;

i.    wet or dry rot;

\* \* \* \* \*

l.    settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

\* \* \* \* \*

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in

paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

b. defect, weakness, inadequacy, fault or soundness in:

 (1) planning, zoning, development, surveying, sitting;

 (2) design, specifications, workmanship, construction, grading, compaction;

 (3) materials used in construction or repair; or

 (4) maintenance:

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises;

Plaintiff has claimed roof, structural, and/or exterior damage that may have resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

**8.** **Neglect**.  Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

**SECTION I – LOSSES NOT INSURED**

2. We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

\*   \*   \*   \*   \*

d.     **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

\* \* \* \* \*

In the Petition, Plaintiff appear to claim roof, structural, and/or exterior damage that may have resulted, in whole or in part, from neglect, which condition is specifically excluded under the policy at issue.

9.     **Bona Fide/Legitimate Dispute**.  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories, including the common law duty of good faith and fair dealing or violations of the Texas Insurance Code or any other statutory or common law authority.

10.     **Cap on Punitive Damages**.  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

11.     **Chapter 38 Attorney's Fees**.  Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract."  TEX. CIV. PRAC. & REM. CODE § 38.001(8).   Chapter 38 does not apply to State Farm because it is an

unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

12.     **Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claim, that give rise to Plaintiff's claims in this lawsuit, including payment(s) made in connection with prior insurance claim(s) regarding the same damages.

13.     **Policy Period.**  State Farm would show that pursuant to the following provision of the policy insurance, coverage is limited to a covered loss which occurs within the time period during which the Policy was in effect:

## SECTION I AND II – CONDITIONS

1.     **Policy Period.**   This policy applies only to loss under Section I …which occurs during the period this policy is in effect.

To the extent Plaintiff is seeking to recover for damage that occurred to the property before or after the policy period in question, any such damage is not covered under this specific provision in the policy. Policy No. 53-GE-3672-5 was in effect for the period May 28, 2014 to May 28, 2015, subject to the terms and conditions therein.

14.     **Recovery Limitations.**  State Farm specifically denies that Plaintiff is entitled to recover replacement cost value because the actual repair or replacement was not completed and/or was not timely completed.  Pursuant to the following provisions of the Policy, Plaintiff's entitlement to recover under the Dwelling and Personal Property coverages of the Policy is subject to the following terms, conditions, and limitations:

## COVERAGE A LOSS SETTLEMENT ENDORSEMENT

## SECTION I – LOSS SETTLEMENT

**COVERAGE A – DWELLING** (Applicable to HOMEOWNERS POLICY)

**A1 – Replacement Cost Loss Settlement – Similar Construction**
is replaced with the following:

a.   We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE – A DWELLING**, except for wood fences, subject to the following:

   (1)   until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

   (2)   when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

   (3)   to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damage part of the property within two years after the date of loss , and notify us within 30 days after the work has been completed; and

   (4)   we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage**.

b.   Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A-DWELLING EXTENSION.

## OPTIONAL POLICY PROVISIONS

7

**Option ID - Increased Dwelling Limit** (Applicable to HOMEOWNERS

POLICY) This section is replaced with the following:

**Option ID - Increased Dwelling Limit.** We will settle losses to damaged building structures covered under **COVERAGE A - DWELLING** according to the **SECTION I- LOSS SETTLEMENT** provision shown in the **Declarations**.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the **Declarations**, we will pay the additional amounts not to exceed:

1. the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or

2. 10% of the Option I D limit of liability to repair or replace building structures covered under **COVERAGE A - DWELLING, Dwelling Extension.**

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the **Declarations**, if you fail to notify us of the increased value within 90 days.

**Option OL – Building Ordinance or Law** (Applicable to HOMEOWNERS' POLICY)

This section is replaced with the following:

1. **Coverage Provided**

   The total limit of insurance provided by this Building Ordinance or Law provision will not exceed an amount equal to the Option OL percentage shown in the **Declarations** of Coverage A limit shown in the **Declarations** at the time of the loss, as adjusted by the inflation coverage provisions of the policy. This is an additional amount of insurance and applies only to the dwelling.

2. **Damaged Portions of Dwelling.**

   When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will pay for the increased cost to repair or rebuild the physically damaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the

8

enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs.

**3. Undamaged Portion of the Damaged Dwelling.**

When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will also pay for:

a. the cost to demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs;

b. loss to the undamaged portion of the dwelling caused by enforcement of any ordinance of law if:

(1) the enforcement is directly caused by the same Loss Insured;

(2) the enforcement requires the demolition of portions of the same dwelling not damaged by the same Loss Insured;

(3) the ordinance or law regulates the construction or repair of the dwelling, or establishes zoning or land use requirements at the described premises; and

(4) the ordinance or law is in force at the time of the occurrence of the same Loss Insured; or

c. legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law if:

(1) the enforcement is directly caused by the same Loss Insured; and

(2) the requirement is in effect at the time the Loss Insured occurs.

We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

**4. Building Ordinance or Law Coverage Limitations.**

a. We will not pay for any increased cost of construction under this coverage:

9

(1) Until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

(2) Unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

b.  We will not pay more for loss to the undamaged potion of the dwelling caused by the enforcement of any ordinance or law than:

(1) the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

(2) the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

c.  We will not pay more under this coverage than the amount you actually spend:

(1) For the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

(2) To demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph 1. **Coverage Provided** of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

All other policy provisions apply.

### SECTION I – LOSS SETTLEMENT

**COVERAGE B-PERSONAL PROPERTY**

1. **B1-Limited Replacement Cost Loss Settlement**

    a. We will pay the cost to repair or replace property covered under **SECTION 1-COVERAGES, COVERAGE B-PERSONAL PROPERTY,** except for property listed in item b. below, subject to the following:

    (1) until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation;

    (2) after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property; and

    (3) if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

    b. We will pay market value at the time of loss for:

    (1) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

    (2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items; and

    (3) property not useful for its intended purpose.

    However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

    (1) our cost to replace at the time of loss;

    (2) the full cost of repair;

    (3) any special limit of liability described in the policy; or

    (4) any applicable Coverage B limit of liability.

    **15.     Policy Conditions.**  Pleading further, and without waiving any of State Farm's rights to re-plead at a later date, State Farm would show that the policy provisions set forth

11

below could potentially apply in this case. Therefore, to the extent applicable, State Farm asserts the policy provisions and/or policy defenses set forth below. The policy includes the following provisions:

## DECLARATIONS CONTINUED

We agree to provide the insurance described in this policy:

...

2.   based on your compliance with all applicable provisions of this policy; and

You agree, by acceptance of this policy, that:

1.   you will ... comply with the provisions of the policy;

...

4.   this policy contains all of the agreements between you and us and any of our agents.

**16.     Payment Conditions.**  Payment for Plaintiff's claim under the Policy is subject to the following endorsement and conditions:

## SECTION I – CONDITIONS

8.  **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.

…

10. **Mortgage Clause** (without contribution).

…

b.  We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the **Declarations** as interests appear.

12

17.     **Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim means' means any written notification provided by a claimant to an insurer that reasonably appraises the insurer of the fact relating to the claim." Proper written notification of claim was not provided by Plaintiff.

18.     **Proof of Loss.**  State Farm would show that Plaintiff failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in §542.056 of the Texas Insurance Code. Based upon the pleadings and discovery completed to date, Plaintiff is claiming a scope of damage that exceeds the scope of damage identified by Plaintiff during the claim handling process.

19.     **Pre-suit Notice Letter.**  State Farm specifically denies that Plaintiff provided State Farm with the written notice required by §541.154 of the Texas Insurance Code. Plaintiff did not provide proper written notice to State Farm before she filed this lawsuit. As of the time of this filing, Plaintiff has not provided a proper demand letter, and, therefore, under §541.154 of the Texas Insurance Code, she is not entitled to attorney's fees.

20.     **Settlement Offers.**  To the extent applicable, State Farm would show that it made an DTPA/Texas Insurance Code settlement offer and/or settlement offer pursuant Rule 167 of the Texas Rules of Civil Procedure. Should Plaintiff fail to timely accept the offer(s), State Farm pleads entitlement to all applicable rights and defenses under the DTPA/Texas Insurance Code arising therefrom and the limitations on attorney fees and costs set out in Rule 167 of the Texas Rules of Civil Procedure.

## III.
## SPECIAL EXCEPTIONS

**21.     Failure to Set Forth Specific Claims/Facts – Breach of Contract**.  State Farm specially excepts to Plaintiff's Petition because the vague and indefinite breach of contract claim fails to provide fair notice of: (1) the facts of the loss or losses allegedly sustained by Plaintiff; (2) the facts showing Plaintiff's alleged loss or losses were covered under the terms of the Insurance Policy at issue; and (3) the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff. *Subia v. Texas Dep't of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the plaintiffs to specifically plead a cause of action which was originally pleaded in general terms).  Accordingly, Plaintiff should be required to amend her claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question; (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

**22.     Failure to Identify the Date the Breach of Contract Occurred**.  State Farm specially excepts to Plaintiff's Petition in its entirety because it is impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred.  Therefore, Plaintiff should be required to file an amended pleading setting forth the date the alleged breach of contract occurred.

**23.     Failure to Set Forth Specific Claims/Facts – Breach of Duty of Good Faith and Fair Dealing**.  State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims for breach of the duty of good faith and fair dealing set forth therein fail to

14

give State Farm fair notice of the bad faith claims, if any, against it. Plaintiff has failed to give fair and adequate notice of facts and evidence upon which they base such claims. Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

24.     In addition, Plaintiff failed to specify the maximum amount of damages sought for State Farm's alleged breach of the duty of good faith and fair dealing. *See* TEX. R. CIV. P. 47. As a result, Plaintiff should be required to file an amended pleading identifying: (1) all specific common law and/or statutory damages and civil penalties requested by Plaintiff; and (2) the maximum amount of damages sought by Plaintiff for State Farm's vaguely alleged breach of the duty of good faith and fair dealing.

25.     **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.** State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Chapter 541 of the Texas Insurance Code are deficient. Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the Texas Insurance Code. Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for State Farm's alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

26.     **Failure to Set Forth Specific Claims/Facts — Chapter 542 of the Texas Insurance Code.** State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Section 542.060 of the Texas

Insurance Code are deficient. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff failed to give fair notice of the facts and circumstances supporting the violations she has asserted in her Petition. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for State Farm's alleged violations of Section 542.060 of the Texas Insurance Code violations, as well as damages related thereto.

27.     **Failure to Set Forth Specific Claims/Facts — Texas Deceptive Trade Practices Act.** State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of the DTPA are inadequate. Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the DTPA. Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged DTPA violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for State Farm's alleged violations of the DTPA, as well as damages related thereto.

28.     **Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**. State Farm specially excepts to Plaintiff's Petition because Plaintiff failed to provide facts to support her allegation State Farm acted wrongfully with knowledge and intent to cause harm. Pleading sufficient facts is necessary to inform State Farm of what it is called upon to answer and to enable State Farm to prepare its defense. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

29.     **Failure to Set Forth Specific Claims/Facts – Plaintiff's Claim for Attorney's Fees for Breach of Contract.** State Farm specially excepts to Plaintiff's Petition because Plaintiff has failed to provide a statutory basis for seeking attorney's fees against State Farm. Further, Plaintiff has failed to provide sufficient notice of facts, sufficient demand, or the amount of attorney's fees incurred for the purpose of satisfying the requirements of TEX. CIV. PRAC. & REM. CODE Chapter 38.

**WHEREFORE, PREMISES CONSIDERED**, Defendant STATE FARM LLOYDS respectfully requests that the Court sustain its special exceptions to Plaintiff's Petition; and, upon final trial and hearing hereof, that Plaintiff takes nothing and that State Farm recover its costs, fees, and expenses, and for such other further relief to which State Farm may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com – Email

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on September 2, 2016.

Robert C. Lane                                                  <u>VIA E-SERVICE</u>
Jack Kitchen
THE LANE LAW FIRM
6200 Savoy Drive, Suite 1150
Houston, Texas 77036


                                  _____
                                  **DALE M. "RETT" HOLIDY**

# Envelope Information

**Envelope Id**
12516455

**Submitted Date**
9/2/2016 1:04 PM CDT

**Submitted User Name**
erikalopez.gb@fsxclient.com

# Case Information

**Location**
Harris County - 157th Civil District
Court

**Category**
Civil - Other Civil

**Case Type**
Other Civil

**Case #**
201646228

**Firm Name**
Germer PLLC

**Filed By**
Erika Lopez

# Filings

**Filing Type**
EFileAndServe

**Filing Code**
Answer/ Response / Waiver

**Filing Description**
Defendant's Amended Answer and
Special Exceptions

**Reference Number**
90557

**Filing Status**
Accepted

**Accepted Date**
9/2/2016 2:54 PM CDT

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Defendant's Amended Answer and Special Exceptions.pdf | Defendant's Amended Answer and Special Exceptions | Answer to Amended/Supplemental Petitions | Original File Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Jack Kitchen | The Lane Law Firm | Yes | Not Opened |
| Sent | Robert C. Lane | The Lane Law Firm, P.L.L.C. | Yes | 9/6/2016 9:08 AM CDT |

# Parties with No eService

| Name | Address |
|------|---------|
| STATE FARM LLOYDS INC (A TEXAS INSURANCE COMPANY) BY SERVING THROUGH | 211 E 7TH STREET SUITE 620, AUSTIN, TX 78701-4234 AUSTIN Texas 787014234 |

# Fees

## Answer/ Response / Waiver

| Description | Amount |
|-------------|--------|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

| | |
|---|---|
| Total Filing Fee | $0.00 |
| Payment Service Fee | $0.06 |
| Court E-File Fee | $2.00 |
| **Envelope Total:** | $2.06 |

| **Party Responsible for Fees** | STATE FARM LLOYDS INC | **Transaction Amount** | $2.06 |
|---|---|---|---|
| **Payment Account** | File & ServeXpress CC | **Transaction Id** | 20016019 |
| **Filing Attorney** | Dale Holidy | **Order Id** | 012516455-0 |
| **Filer Type** | Attorney | **Transaction Response** | Payment Complete |

© 2016 Tyler Technologies                                    Version: 3.13.8.63

9/2/2016 1:06:52 PM
Chris Daniel - District Clerk Harris County
Envelope No. 12516620
By: Krystal Franklin
Filed: 9/2/2016 1:06:52 PM

### CAUSE NO. 2016-46228

| | | |
|---|---|---|
| **SADIE K. LAWSON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **157TH JUDICIAL DISTRICT** |

### DEMAND FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **STATE FARM LLOYDS**, Defendant herein and demands a trial by jury. The requisite jury fee has been paid.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court grant a trial by jury.


**GERMER PLLC**


By: _Rett Holidy_____
**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 Telephone
(713) 739-7420 Facsimile
rholidy@germer.com - Email

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on this 2nd day of September, 2016.

Robert C. Lane                                        VIA E-SERVICE
Jack Kitchen
THE LANE LAW FIRM
6200 Savoy Drive, Suite 1150
Houston, Texas 77036


_____

**DALE M. "RETT" HOLIDY**

2

# Envelope Information

**Envelope Id**
12516620

**Submitted Date**
9/2/2016 1:06 PM CDT

**Submitted User Name**
erikalopez.gb@fsxclient.com

# Case Information

**Location**
Harris County - 157th Civil District
Court

**Category**
Civil - Other Civil

**Case Type**
Other Civil

**Case #**
201646228

**Firm Name**
Germer PLLC

**Filed By**
Erika Lopez

# Filings

**Filing Type**
EFileAndServe

**Filing Code**
Request

**Filing Description**
Demand for Jury Trial

**Reference Number**
90557

**Filing Status**
Accepted

**Accepted Date**
9/2/2016 4:32 PM CDT

### Lead Document

| File Name | Description | Security | Download |
|-----------|-------------|----------|----------|
| Jury Demand.pdf | Jury Demand | Requests | Original File<br>Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|--------|------|------|--------|-------------|
| Sent | Jack Kitchen | The Lane Law Firm | Yes | Not Opened |
| Sent | Robert C. Lane | The Lane Law Firm, P.L.L.C. | Yes | 9/6/2016 9:09 AM CDT |

# Parties with No eService

| Name | Address |
|------|---------|

STATE FARM LLOYDS INC (A          211 E 7TH STREET SUITE 620,
TEXAS INSURANCE COMPANY)          AUSTIN, TX 78701-4234 AUSTIN
BY SERVING THROUGH                Texas 787014234

# Fees

## Request

| Description | Amount |
| --- | --- |
| Filing Fee | $0.00 |
| Jury Fee | $40.00 |
| **Filing Total:** | **$40.00** |

| | |
| --- | --- |
| Total Filing Fee | $40.00 |
| Payment Service Fee | $1.21 |
| Court E-File Fee | $2.00 |
| **Envelope Total:** | **$43.21** |

| | | | |
| --- | --- | --- | --- |
| **Party Responsible for Fees** | STATE FARM LLOYDS INC | **Transaction Amount** | $43.21 |
| **Payment Account** | File & ServeXpress CC | **Transaction Id** | 20023467 |
| **Filing Attorney** | Dale Holidy | **Order Id** | 012516620-0 |
| **Filer Type** | Attorney | **Transaction Response** | Payment Complete |

© 2016 Tyler Technologies                                    Version: 3.13.8.63

Chris Daniel - District Clerk Harris County
Envelope No. 12543289
By: LISA COOPER
Filed: 9/6/2016 2:30:29 PM

## CAUSE NO. 2016-46228

| | | |
|---|---|---|
| **SADIE K. LAWSON** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **STATE FARM LLOYDS** | § | **157TH JUDICIAL DISTRICT** |

## <u>DEFENDANT'S SECOND AMENDED ANSWER AND SPECIAL EXCEPTIONS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant STATE FARM LLOYDS (hereinafter, "State Farm") files this Second Amended Answer and Special Exceptions to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemented petitions filed against State Farm, and show as follows:

## I.
## GENERAL DENIAL

1.    State Farm generally denies all of the material allegations contained in Plaintiff's Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Petition, and any amendments thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.    **Policy Coverage Provisions**.  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period.  Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.    **Deductible/Offset**.  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

**4.    Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

**5.    Failure of Policy Conditions/Conditions Precedent.**  State Farm hereby asserts all conditions of the policy at issue, including, but not limited to all terms, deductibles, limitations on coverage, exclusions set out in the Policy, and all "duties after loss."  Specifically, Plaintiff has failed to satisfy the conditions of the policy requiring Plaintiff to protect the property from further damage, which reads as follows:

### SECTION I – CONDITIONS

\*   \*   \*   \*   \*

2.    **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

    a.    give immediate notice to us or our agent…

    b.    protect the property from further damage or loss, make reasonable and necessary temporary repairs required to protect the property, keep an accurate record of repair expenditures;

\*   \*   \*   \*   \*

    d.    as often as we reasonably require:

        (1)    exhibit the damaged property;
        (2)    provide us with records and documents we request and permit us to make copies;

Plaintiff cannot recover, in whole or in part, on Plaintiff's breach of contract cause of action and, consequently, on all of the other causes of action alleged in Plaintiff's Petition, to the extent of Plaintiff's failure to satisfy the conditions precedent contained in the policy at issue, including Plaintiff's failure to protect the property from further damage at the time Plaintiff submitted her claim and/or additional damages which may have occurred or arisen after State

Farm's initial inspection without any indication such damage occurred as a result of the wind or hail event reported in connection with this date of loss.

6.    **Pre-Existing Damages**.  Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Petition, none being admitted, pre-existed the alleged occurrence of hail, wind, or wind-driven rain.

7.    **Normal Wear and Tear.**  Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused in whole or in part by normal wear and tear, leakage or other causes occurring over time.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

1.    We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

\* \* \* \* \*

g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown;

h.    corrosion, electrolysis or rust;

i.    wet or dry rot;

\* \* \* \* \*

l.    settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundation, walls, floors, roofs or ceilings;

\* \* \* \* \*

3.    We do not insure under any coverage for any loss consisting of one or more of the items below. Further, we do not insure for loss described in

3

paragraphs 1. and 2. immediately above regardless of whether one or more of the following: (a) directly or indirectly cause, contribute to or aggravate the loss; or (b) occur before, at the same time, or after the loss or any other cause of the loss:

b.    defect, weakness, inadequacy, fault or soundness in:

    (1)    planning, zoning, development, surveying, sitting;

    (2)    design, specifications, workmanship, construction, grading, compaction;

    (3)    materials used in construction or repair; or

    (4)    maintenance:

of any property (including land, structures, or improvements of any kind) whether on or off the residence premises;

Plaintiff has claimed roof, structural, and/or exterior damage that may have resulted, in whole or in part, from and appears to have occurred over time as a result of age and deterioration, including wear, tear, deterioration, corrosion, rust, wet or dry rot, cracking and/or shrinking over time, which condition is specifically excluded under the policy at issue.

**8.**    **Neglect**.  Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Petition, none being admitted, were proximately caused, in whole or in part, by neglect.  The policy at issue specifically provides:

### SECTION I – LOSSES NOT INSURED

2.    We do not insure under any coverage for any loss which would not have occurred in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: (a) the cause of the excluded event; or (b) other cause of the loss; or (c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss; or (d) whether the event occurs suddenly or gradually, involves isolated or widespread damage, arises from natural forces, or occurs

\*  \*  \*  \*  \*

4

      d.     **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve the property at and after the time of a loss, or when property is endangered.

*   *   *   *   *

In the Petition, Plaintiff appear to claim roof, structural, and/or exterior damage that may have resulted, in whole or in part, from neglect, which condition is specifically excluded under the policy at issue.

      **9.**      **Bona Fide/Legitimate Dispute**.  A bona fide/legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories, including the common law duty of good faith and fair dealing or violations of the Texas Insurance Code or any other statutory or common law authority.

      **10.**      **Cap on Punitive Damages**.  Texas Civil Practice and Remedies Code §41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law.  Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

      **11.**      **Chapter 38 Attorney's Fees**.  Plaintiff cannot recover attorney's fees from Defendant under Chapter 38 of the Texas Civil Practice and Remedies Code.  "A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . (8) an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(8).   Chapter 38 does not apply to State Farm because it is an

5

unincorporated association of underwriters. *See Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560, 575 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).

**12.    Payment.**  State Farm is entitled to an offset or credit against Plaintiff's damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the policy in connection with the damages and the insurance claim, that give rise to Plaintiff's claims in this lawsuit, including payment(s) made in connection with prior insurance claim(s) regarding the same damages.

**13**.    **Policy Period.**  State Farm would show that pursuant to the following provision of the policy insurance, coverage is limited to a covered loss which occurs within the time period during which the Policy was in effect:

### SECTION I AND II – CONDITIONS

   **1.   Policy Period.**   This policy applies only to loss under Section I …which occurs during the period this policy is in effect.

To the extent Plaintiff is seeking to recover for damage that occurred to the property before or after the policy period in question, any such damage is not covered under this specific provision in the policy. Policy No. 53-KY-1386-7 was in effect for the period February 25, 2015 to February 25, 2016, subject to the terms and conditions therein.

**14.    Recovery Limitations.**  State Farm specifically denies that Plaintiff is entitled to recover replacement cost value because the actual repair or replacement was not completed and/or was not timely completed.  Pursuant to the following provisions of the Policy, Plaintiff's entitlement to recover under the Dwelling and Personal Property coverages of the Policy is subject to the following terms, conditions, and limitations:

## COVERAGE A LOSS SETTLEMENT ENDORSEMENT

## SECTION I – LOSS SETTLEMENT

**COVERAGE A – DWELLING** (Applicable to HOMEOWNERS POLICY)

**A1 – Replacement Cost Loss Settlement – Similar Construction**
is replaced with the following:

a.   We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations**, the damaged part of the property covered under **SECTION I – COVERAGES, COVERAGE – A DWELLING**, except for wood fences, subject to the following:

    (1)   until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

    (2)   when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations**, whichever is less;

    (3)   to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damage part of the property within two years after the date of loss , and notify us within 30 days after the work has been completed; and

    (4)   we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of a building or other structure, except as provided under **Option OL – Building Ordinance or Law Coverage**.

b.   Wood Fences: We will pay the actual cash value at the time of loss for loss or damage to wood fences, not to exceed the limit of liability shown in the **Declarations** for COVERAGE A-DWELLING EXTENSION.

7

## OPTIONAL POLICY PROVISIONS

**Option ID - Increased Dwelling Limit** (Applicable to HOMEOWNERS

POLICY) This section is replaced with the following:

**Option ID - Increased Dwelling Limit.** We will settle losses to damaged building structures covered under **COVERAGE A - DWELLING** according to the **SECTION I- LOSS SETTLEMENT** provision shown in the **Declarations**.

If the amount you actually and necessarily spend to repair or replace damaged building structures exceeds the applicable limit of liability shown in the **Declarations**, we will pay the additional amounts not to exceed:

1. the Option ID limit of liability shown in the Declarations to repair or replace the Dwelling; or

2. 10% of the Option I D limit of liability to repair or replace building structures covered under **COVERAGE A - DWELLING, Dwelling Extension.**

Report Increased Values. You must notify us within 90 days of the start of any new building structure costing $5,000 or more; or any additions to or remodeling of building structures which increase their values by $5,000 or more. You must pay any additional premium due for the increased value. We will not pay more than the applicable limit of liability shown in the **Declarations**, if you fail to notify us of the increased value within 90 days.

**Option OL – Building Ordinance or Law** (Applicable to HOMEOWNERS' POLICY)

This section is replaced with the following:

1. **Coverage Provided**

   The total limit of insurance provided by this Building Ordinance or Law provision will not exceed an amount equal to the Option OL percentage shown in the **Declarations** of Coverage A limit shown in the **Declarations** at the time of the loss, as adjusted by the inflation coverage provisions of the policy. This is an additional amount of insurance and applies only to the dwelling.

2. **Damaged Portions of Dwelling.**

   When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will pay for the increased cost to repair or

rebuild the physically damaged portion of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs.

**3. Undamaged Portion of the Damaged Dwelling.**

When the dwelling covered under **COVERAGE A – DWELLING** is damaged by a Loss Insured we will also pay for:

    a. the cost to demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of a building, zoning or land use ordinance or law if the enforcement is directly caused by the same Loss Insured and the requirement is in effect at the time the Loss Insured occurs;

    b. loss to the undamaged portion of the dwelling caused by enforcement of any ordinance of law if:

        (1) the enforcement is directly caused by the same Loss Insured;

        (2) the enforcement requires the demolition of portions of the same dwelling not damaged by the same Loss Insured;

        (3) the ordinance or law regulates the construction or repair of the dwelling, or establishes zoning or land use requirements at the described premises; and

        (4) the ordinance or law is in force at the time of the occurrence of the same Loss Insured; or

    c. legally required changes to the undamaged portions of any specific dwelling features, dwelling systems or dwelling components caused by the enforcement of a building, zoning or land use ordinance or law if:

        (1) the enforcement is directly caused by the same Loss Insured; and

        (2) the requirement is in effect at the time the Loss Insured occurs.

We will not pay for legally required changes to specific dwelling features, dwelling systems or dwelling components that have not been physically damaged by the Loss Insured.

**4. Building Ordinance or Law Coverage Limitations.**

    a. We will not pay for any increased cost of construction under this coverage:

(1) Until the dwelling is actually repaired or replaced at the same or another premises in the same general vicinity; and

(2) Unless the repairs or replacement are made as soon as reasonably possible after the loss, not to exceed two years.

b.   We will not pay more for loss to the undamaged potion of the dwelling caused by the enforcement of any ordinance or law than:

(1) the depreciated value of the undamaged portion of the dwelling, if the dwelling is not repaired or replaced;

(2) the amount you actually spend to replace the undamaged portion of the dwelling if the dwelling is repaired or replaced.

c.   We will not pay more under this coverage than the amount you actually spend:

(1) For the increased cost to repair or rebuild the dwelling at the same or another premises in the same general vicinity if relocation is required by ordinance or law; and

(2) To demolish and clear the site of the undamaged portions of the dwelling caused by the enforcement of building, zoning or land use ordinance or law.

We will never pay for more than a dwelling of the same height, floor area and style on the same or similar premises as the dwelling, subject to the limit provided in paragraph 1. **Coverage Provided** of this option.

If the dwelling is located in an area which is eligible for coverage through the Texas Windstorm Insurance Association, the coverage described above, also applies to the increased cost you incur due to repair, replacement or demolition required for the dwelling to comply with the building specifications contained in the Texas Windstorm Insurance Association's plan of operation.

All other policy provisions apply.

## SECTION I – LOSS SETTLEMENT

**COVERAGE B-PERSONAL PROPERTY**

1. **B1-Limited Replacement Cost Loss Settlement**

   a. We will pay the cost to repair or replace property covered under **SECTION 1-COVERAGES, COVERAGE B-PERSONAL PROPERTY,** except for property listed in item b. below, subject to the following:

      (1) until repair or replacement is completed, we will pay only the cost to repair or replace less depreciation;

      (2) after repair or replacement is completed, we will pay the difference between the cost to repair or replace less depreciation and the cost you have actually and necessarily spent to repair or replace the property; and

      (3) if property is not repaired or replaced within two years after the date of loss, we will pay only the cost to repair or replace less depreciation.

   b. We will pay market value at the time of loss for:

      (1) antiques, fine arts, paintings, statuary and similar articles which by their inherent nature cannot be replaced with new articles;

      (2) articles whose age or history contribute substantially to their value including, but not limited to, memorabilia, souvenirs and collectors items; and

      (3) property not useful for its intended purpose.

   However, we will not pay an amount exceeding the smallest of the following for items a. and b. above:

      (1) our cost to replace at the time of loss;

      (2) the full cost of repair;

      (3) any special limit of liability described in the policy; or

      (4) any applicable Coverage B limit of liability.

   **15.     Policy Conditions.**  Pleading further, and without waiving any of State Farm's

rights to re-plead at a later date, State Farm would show that the policy provisions set forth

11

below could potentially apply in this case. Therefore, to the extent applicable, State Farm asserts the policy provisions and/or policy defenses set forth below. The policy includes the following provisions:

**DECLARATIONS CONTINUED**

We agree to provide the insurance described in this policy:

> ...
>
> 2.  based on your compliance with all applicable provisions of this policy; and

You agree, by acceptance of this policy, that:

> 1.  you will ... comply with the provisions of the policy;
>
> ...
>
> 4.   this policy contains all of the agreements between you and us and any of our agents.

**16.**     **Payment Conditions.**  Payment for Plaintiff's claim under the Policy is subject to the following endorsement and conditions:

**SECTION I – CONDITIONS**

> 8.  **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment.
>
> …
>
> 10. **Mortgage Clause** (without contribution).
>
> …
>
> > b.  We will pay for any covered loss of or damage to buildings or structures to the mortgagee shown in the **Declarations** as interests appear.

12

17.     **Written Notice of Claim.**  State Farm specifically denies that Plaintiff provided State Farm with "notice of claim" pursuant to §§ 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim means' means any written notification provided by a claimant to an insurer that reasonably appraises the insurer of the fact relating to the claim." Proper written notification of claim was not provided by Plaintiff.

18.     **Proof of Loss.**  State Farm would show that Plaintiff failed to submit all items, statements, and forms required to secure final proof of loss as that term is used in §542.056 of the Texas Insurance Code. Based upon the pleadings and discovery completed to date, Plaintiff is claiming a scope of damage that exceeds the scope of damage identified by Plaintiff during the claim handling process.

19.     **Pre-suit Notice Letter.**  State Farm specifically denies that Plaintiff provided State Farm with the written notice required by §541.154 of the Texas Insurance Code. Plaintiff did not provide proper written notice to State Farm before she filed this lawsuit. As of the time of this filing, Plaintiff has not provided a proper demand letter, and, therefore, under §541.154 of the Texas Insurance Code, she is not entitled to attorney's fees.

20.     **Settlement Offers.**  To the extent applicable, State Farm would show that it made an DTPA/Texas Insurance Code settlement offer and/or settlement offer pursuant Rule 167 of the Texas Rules of Civil Procedure. Should Plaintiff fail to timely accept the offer(s), State Farm pleads entitlement to all applicable rights and defenses under the DTPA/Texas Insurance Code arising therefrom and the limitations on attorney fees and costs set out in Rule 167 of the Texas Rules of Civil Procedure.

### III.
### SPECIAL EXCEPTIONS

21.     **Failure to Set Forth Specific Claims/Facts – Breach of Contract**.  State Farm specially excepts to Plaintiff's Petition because the vague and indefinite breach of contract claim fails to provide fair notice of: (1) the facts of the loss or losses allegedly sustained by Plaintiff; (2) the facts showing Plaintiff's alleged loss or losses were covered under the terms of the Insurance Policy at issue; and (3) the acts and/or omissions by State Farm which allegedly amount to a breach of State Farm's contractual obligations, if any, to Plaintiff. *Subia v. Texas Dep't of Human Serv.,* 750 S.W.2d 827, 829 (Tex. App. — El Paso 1988, no writ) (trial court can order the plaintiffs to specifically plead a cause of action which was originally pleaded in general terms).  Accordingly, Plaintiff should be required to amend her claim for breach of contract and state with particularity: (1) facts supporting the alleged loss; (2) facts demonstrating the portion of the loss covered by the contract of insurance in question; (3) facts of the acts and/or omissions by State Farm which allegedly amounted to a breach of contractual obligation to Plaintiff; and (4) the maximum amount of damages sought by Plaintiff for State Farm's alleged breach of contract.

22.     **Failure to Identify the Date the Breach of Contract Occurred**.  State Farm specially excepts to Plaintiff's Petition in its entirety because it is impermissibly vague in that it fails to set forth the date the alleged breach of contract occurred.  Therefore, Plaintiff should be required to file an amended pleading setting forth the date the alleged breach of contract occurred.

23.     **Failure to Set Forth Specific Claims/Facts – Breach of Duty of Good Faith and Fair Dealing**.  State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims for breach of the duty of good faith and fair dealing set forth therein fail to

give State Farm fair notice of the bad faith claims, if any, against it.  Plaintiff has failed to give fair and adequate notice of facts and evidence upon which they base such claims.  Plaintiff should be required to file an amended pleading setting forth facts to support her claims for bad faith.

24.     In addition, Plaintiff failed to specify the maximum amount of damages sought for State Farm's alleged breach of the duty of good faith and fair dealing. *See* TEX. R. CIV. P. 47. As a result, Plaintiff should be required to file an amended pleading identifying: (1) all specific common law and/or statutory damages and civil penalties requested by Plaintiff; and (2) the maximum amount of damages sought by Plaintiff for State Farm's vaguely alleged breach of the duty of good faith and fair dealing.

25.     **Failure to Set Forth Specific Claims/Facts — Chapter 541 of the Texas Insurance Code.**  State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Chapter 541 of the Texas Insurance Code are deficient.  Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the Texas Insurance Code.  Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged Insurance Code violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for State Farm's alleged violations of Section 541 of the Texas Insurance Code, as well as damages related thereto.

26.     **Failure to Set Forth Specific Claims/Facts — Chapter 542 of the Texas Insurance Code.** State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of Section 542.060 of the Texas

15

Insurance Code are deficient. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff failed to give fair notice of the facts and circumstances supporting the violations she has asserted in her Petition. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for State Farm's alleged violations of Section 542.060 of the Texas Insurance Code violations, as well as damages related thereto.

27.     **Failure to Set Forth Specific Claims/Facts — Texas Deceptive Trade Practices Act.**  State Farm specially excepts to Plaintiff's Petition because Plaintiff's vague and indefinite claims regarding State Farm's alleged violations of the DTPA are inadequate. Specifically, Plaintiff has failed to provide timely notice of her intent to seek damages under the DTPA.  Moreover, Plaintiff failed to give State Farm fair notice of the facts and circumstances supporting the alleged DTPA violations. *Subia,* 750 S.W.2d at 829 (allegations solely tracking statutory grounds did not give defendant fair notice of facts and circumstances). Plaintiff should be required to file an amended pleading which sets forth facts to support her claims for State Farm's alleged violations of the DTPA, as well as damages related thereto.

28.     **Failure to Set Forth Specific Claims/Facts — Plaintiff's Claims for Knowing and/or Intentional Conduct**. State Farm specially excepts to Plaintiff's Petition because Plaintiff failed to provide facts to support her allegation State Farm acted wrongfully with knowledge and intent to cause harm. Pleading sufficient facts is necessary to inform State Farm of what it is called upon to answer and to enable State Farm to prepare its defense. As a result, Plaintiff should be required to file an amended pleading which sets forth facts in support of Plaintiff's claim for knowing and/or intentional conduct, as well as alleged damage related thereto.

16

29.     **Failure to Set Forth Specific Claims/Facts – Plaintiff's Claim for Attorney's Fees for Breach of Contract.** State Farm specially excepts to Plaintiff's Petition because Plaintiff has failed to provide a statutory basis for seeking attorney's fees against State Farm. Further, Plaintiff has failed to provide sufficient notice of facts, sufficient demand, or the amount of attorney's fees incurred for the purpose of satisfying the requirements of TEX. CIV. PRAC. & REM. CODE Chapter 38.

**WHEREFORE, PREMISES CONSIDERED**, Defendant STATE FARM LLOYDS respectfully requests that the Court sustain its special exceptions to Plaintiff's Petition; and, upon final trial and hearing hereof, that Plaintiff takes nothing and that State Farm recover its costs, fees, and expenses, and for such other further relief to which State Farm may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
Three Allen Center
333 Clay Street, Suite 4950
Houston, Texas 77002
(713) 650-1313 - Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com – Email

**ATTORNEY FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on all counsel of record on September 6, 2016.

Robert C. Lane                                          <u>Via E-Service</u>
Jack Kitchen
The Lane Law Firm
6200 Savoy Drive, Suite 1150
Houston, Texas 77036


_____
**DALE M. "RETT" HOLIDY**

18

# Envelope Information

**Envelope Id**
12543289

**Submitted Date**
9/6/2016 2:30 PM CDT

**Submitted User Name**
erikalopez.gb@fsxclient.com

# Case Information

**Location**
Harris County - 157th Civil District
Court

**Category**
Civil - Other Civil

**Case Type**
Other Civil

**Case #**
201646228

**Firm Name**
Germer PLLC

**Filed By**
Erika Lopez

# Filings

**Filing Type**
EFileAndServe

**Filing Code**
Answer/ Response / Waiver

**Filing Description**
Defendant's Second Amended
Answer and Special Exceptions

**Reference Number**
90557

**Filing Status**
Accepted

**Accepted Date**
9/6/2016 2:39 PM CDT

## Lead Document

| **File Name** | **Description** | **Security** | **Download** |
|---|---|---|---|
| Defendant's Second Amended Answer.pdf | Defendant's Second Amended Answer and Special Exceptions | Answer to Original Petition | Original File<br>Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Jack Kitchen | The Lane Law Firm | Yes | Not Opened |
| Sent | Robert C. Lane | The Lane Law Firm, P.L.L.C. | Yes | Not Opened |
| Sent | Greg Howard | | Yes | Not Opened |

## Parties with No eService

| Name | Address |
|---|---|
| STATE FARM LLOYDS INC (A TEXAS INSURANCE COMPANY) BY SERVING THROUGH | 211 E 7TH STREET SUITE 620, AUSTIN, TX 78701-4234 AUSTIN Texas 787014234 |

## Fees

### Answer/ Response / Waiver

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total:** $0.00 |

| | |
|---|---|
| Total Filing Fee | $0.00 |
| Payment Service Fee | $0.06 |
| Court E-File Fee | $2.00 |
| **Envelope Total:** | $2.06 |

| | | | |
|---|---|---|---|
| Party Responsible for Fees | STATE FARM LLOYDS INC | Transaction Amount | $2.06 |
| Payment Account | File & ServeXpress CC | Transaction Id | 20052452 |
| Order Id | 012543289-0 | | |
| Filer Type | Attorney | Transaction Response | Payment Complete |

© 2016 Tyler Technologies                                          Version: 3.13.8.63

**HCDistrictclerk.com**      LAWSON, SADIE K vs. STATE FARM LLOYDS INC                9/6/2016
                             Cause: 201646228      CDI: 7      Court: 157

**APPEALS**

No Appeals found.

**COST STATMENTS**

No Cost Statments found.

**TRANSFERS**

No Transfers found.

**POST TRIAL WRITS**

No Post Trial Writs found.

**ABSTRACTS**

No Abstracts found.

**SETTINGS**

No Settings found.

**NOTICES**

No Notices found.

**SUMMARY**

CASE DETAILS                                    COURT DETAILS

| | | | |
|---|---|---|---|
| **File Date** | 7/12/2016 | **Court** | 157th |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 11) |
| **Case (Cause) Status** | Active - Civil | | HOUSTON, TX 77002 |
| **Case (Cause) Type** | OTHER CIVIL | | Phone:7133686230 |
| **Next/Last Setting Date** | N/A | **JudgeName** | RANDY WILSON |
| **Jury Fee Paid Date** | 9/2/2016 | **Court Type** | Civil |

**ACTIVE PARTIES**

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| LAWSON, SADIE K | PLAINTIFF - CIVIL | | LANE, ROBERT CHAMLESS |
| STATE FARM LLOYDS INC | DEFENDANT - CIVIL | | HOLIDY, DALE M. "RETT" |

STATE FARM LLOYDS INC (A TEXAS INSURANCE  REGISTERED AGENT
COMPANY) BY SERVING THROUGH

    211 E 7TH STREET SUITE 620, AUSTIN, TX 78701-4234

**INACTIVE PARTIES**

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|---|---|---|---|---|---|---|---|
| 9/2/2016 | AMENDED ANSWER ORIGINAL PETITION | | | 0 | | HOLIDY, DALE M. "RETT" | STATE FARM LLOYDS INC |
| 9/2/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 8/26/2016 | ANSWER ORIGINAL PETITION | | | 0 | | HOLIDY, DALE M. "RETT" | STATE FARM LLOYDS INC |
| 8/25/2016 | FIRST AMENDED ORIGINAL PETITION | | | 0 | | LANE, ROBERT CHAMLESS | LAWSON, SADIE K |
| 7/12/2016 | ORIGINAL PETITION | | | 0 | | LANE, ROBERT CHAMLESS | LAWSON, SADIE K |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|---|---|---|---|---|---|---|---|---|---|---|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | STATE FARM LLOYDS INC (A TEXAS INSURANCE COMPANY) BY SERVING THROUGH | 7/12/2016 | 7/13/2016 | 8/5/2016 | 8/8/2016 | | 73266096 | ATTORNEY PICK-UP |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 71753364 | Defendants Amended Answer and Special Exceptions | | 09/02/2016 | 18 |
| 71755903 | Demand For Jury Trial | | 09/02/2016 | 2 |
| 71657600 | Defendant's Original Answer | | 08/26/2016 | 2 |
| 71629016 | Plaintiff's First Amended Petition | | 08/25/2016 | 10 |
| 71384984 | Return of Service | | 08/08/2016 | 1 |
| 71393832 | Civil Process Pick-Up Form | | 07/13/2016 | 1 |
| 71040720 | Plaintiff's Original Petition and Request for Disclosure | | 07/12/2016 | 10 |
| -> 71040721 | Civil Case Information Sheet | | 07/12/2016 | 1 |